1  **DANA SNIEGOCKI, ESQ.**
   Nevada Bar No. 11715
2  E-mail: dsniegocki@hkm.com
   **HKM EMPLOYMENT ATTORNEYS LLP**
3  101 Convention Center Drive, Suite 600
   Las Vegas, NV 89109
4  Tel: (702) 577-3029
   Fax: (702) 577-3029
5  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PHOENIX MERCY ARTHUR, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> PLAZ CORPORATION, a Domestic Corporation; and DOES 1-50, inclusive; and ROE CORPORATIONS 1-50, inclusive, <br><br> Defendant. | CASE NO.: 2:24-cv-1313-CDS-EJY <br><br> **DISCOVERY PLAN AND SCHEDULING ORDER** |

The parties, Plaintiff PHOENIX MERCY ARTHUR ("Plaintiff"), and Defendant PLAZ CORPORATION ("Defendant"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b).

1. **Fed. R. Civ. P. 26(a) Initial Disclosures:**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Court 26-1(a), the parties agree that they will submit their Initial Disclosures on or before **July 18, 2025.**

2. **Discovery Cut-Off Date:**

Discovery will take not more than one hundred and eighty (180) days from July 7, 2025, which is the date of Defendant's first appearance. Accordingly, all discovery must be completed not later than **January 5, 2026**.[1]

---

[1] Under the Local Rules, the discovery cutoff date is calculated 180 days from Defendant's answer or first appearance. *See* Local Rule 26-1 (b)(1). Although Defendant initially appeared to respond to Plaintiff's motion

Page **1** of **5**

**3. Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than **October 7, 2025**.

**4. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than **November 6, 2025**, and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than **December 8, 2025.**[2]

**5. Dispositive Motions:**

The parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, not later than **February 5, 2026**.

**6. Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **March 9, 2026.**[3] If dispositive motions are filed, the deadline for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision on the dispositive motions or further court order.

**7. Fed. R. Civ. P. 26(a)(3) Disclosures:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall include the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto in the Joint Pretrial Order.

---

for default judgment on December 4, 2024, the Court ordered Defendant to file its answer by July 7, 2025. *See* ECF No. 17 at 2. Therefore, the parties calculate the presumptively reasonable 180-day period from that date. 180 days from July 7, 2025, is January 3, 2025, a Saturday. Accordingly, the deadline was moved to the next business day.

[2] 30 Days after the Expert Disclosure deadline is Saturday, December 6, 2025, and as such, the deadline has been moved to the next business day.

[3] 30 Days after the Dispositive Motion deadline is Saturday, March 7, 2026, and as such, the deadline has been moved to the next business day.

**8. Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and both parties agree to participate in an early neutral evaluation.

**9. Alternative Forms of Case Disposition:**

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not consent to the same.

**10. Electronic Evidence:**

The parties verify they have discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches and they stipulate that they intend to present any electronic evidence in a format compatible with the Court's electronic jury evidence display system.

**11. Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a):**

The parties have agreed to exchange initial disclosures 21 days after their meeting under Rule 26(f) was held. The Parties have also agreed that the disclosures under Rule 26(a), all written discovery requests and responses thereto, documents and other things produced, and deposition notices may be served electronically via e-mail.

**12. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiff anticipates that discovery will focus on the employment of the Plaintiff, the policies and procedures of the Defendants in effect during the course of the Plaintiff's employment, the records possessed by the Defendant, including all computerized electronic records from Defendant's software systems, showing the work activities of the Plaintiff, the payroll records reflecting the wages and compensation provided by Defendant to Plaintiff for

her work performed, Defendant's policies and practices regarding the payment of overtime wages, Defendant's policies and practices regarding the classification of overtime eligible and overtime exempt employees, Defendant's policies and practices of tracking and recording all work performed by its employees, including the Plaintiff, and all efforts Defendant undertook to ensure it was complying with federal and state wage and hour law.

Defendant anticipates that discovery may include, but will not be limited to, Plaintiff's allegations, claims, potentially available defenses, and Plaintiff's claimed damages.

**13. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The Parties agree that to the extent that information relevant to the claims and defenses in this action is stored electronically, the parties will meet and confer regarding an ESI protocol, as well as date ranges, custodians, and search terms, and such information should be produced, to the extent possible, in its native electronic form.

**14. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

Currently, the parties not anticipate any issues arising concerning privilege or protection and agree to confer further in the event such issues arise.

**15. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The Parties do not currently believe any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court at this time.

**16. Extensions or Modifications of Discovery Plan and Scheduling Order:**

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. In accordance with LR 26-3, all motions or stipulations to extend

a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

    (a)  A statement specifying the discovery completed;

    (b)  A specific description of the discovery that remains to be completed;

    (c)  The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

    (d)  A proposed schedule for completing all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery.  No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court."  See LR 7-1(b).

Dated: July 1, 2025.

| HKM EMPLOYMENT ATTORNEYS, LLP | O'HAGAN MEYER PLLC |
|---|---|
| /s/ Dana Sniegocki<br>**DANA SNIEGOCKI, ESQ.**<br>Nevada Bar No. 11715<br>E-mail: dsniegocki@hkm.com<br>101 Convention Center Drive, Suite 600<br>Las Vegas, NV 89109<br>Tel: (702) 577-3029<br>Fax: (702) 577-3029<br>*Attorneys for Plaintiff* | /s/ Jorge "Coco" Padilla<br>**Marcus J. Lee, ESQ**.<br>Nevada Bar No. 15769<br>**Jorge "Coco" Padilla, Esq.**<br>Nevada Bar No. 16295<br>300 S. 4th Street, Suite 1250<br>Las Vegas, NV 89101<br>Tel: (725) 286-2801<br>*Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 1, 2025